**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALEJANDRA SIERRA RIVERA, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-26-384 |
| vs. | § | |
| | § | |
| BRET BRADFORD, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Alejandra Sierra Rivera, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Through counsel, she has filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Entry No. 11) seeking relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The respondents have responded by filing a motion for summary judgment (Docket Entry No. 15) and Sierra Rivera has filed a reply (Docket Entry No. 16). Having reviewed the petition, the briefing and exhibits, and the applicable law, the court denies the respondents' motion for summary judgment and grants in part the petition for a writ of habeas corpus. The reasons are explained below.

## I.     Background

Sierra Rivera is a citizen of Mexico. (Docket Entry No. 11 at 3). On January 17, 1996, she was admitted to the United States at El Paso, Texas, as a lawful permanent resident. (*Id.*; Docket Entry No. 15-1 at 2). On October 25, 1999, Immigration and Naturalization Service (INS) officers encountered Sierra Rivera at the Hidalgo, Texas, Port of Entry driving a white 1995 Dodge Intrepid. (Docket Entry No. 15-1 at 2). INS officers conducted a search of Sierra Rivera's vehicle

and discovered 84.3 pounds of marijuana behind the rear seat. (*Id.*). On November 29, 1999, the 398th Judicial District Court of Hidalgo County, Texas, convicted Sierra Rivera of possession of marijuana and sentenced her to ten years' probation. (*Id.*).

On February 16, 2000, an immigration judge ordered Sierra Rivera removed from the United States to Mexico. (*Id.*). Sierra Rivera waived appeal, and INS removed Sierra Rivera to Mexico the same day. (*Id.*). Sierra Rivera reentered the United States sometime in August 2008 at McAllen, Texas. (Docket Entry No. 11 at 3).

On October 15, 2015, the Fort Bend County Sheriff's Office encountered Sierra Rivera and transferred her to Hidalgo County pursuant to an arrest warrant. (Docket Entry No. 15-1 at 2). On November 3, 2015, the 398th Judicial District Court of Hidalgo County, Texas, convicted Sierra Rivera of possession of marijuana and sentenced her to two years imprisonment. (*Id.*).

On August 5, 2016, ICE took custody of Sierra Rivera and sought to reinstate her prior removal order. (*Id.*). Sierra Rivera claimed fear of return to Mexico, and DHS placed her in withholding-only proceedings. (*Id.*; Docket Entry No. 11 at 3). On January 4, 2017, an immigration judge found Sierra Rivera to have a well-founded fear of persecution in Mexico after being kidnapped, tortured, and raped on the basis of her sexual preference and granted Sierra Rivera withholding of removal to Mexico. (Docket Entry No. 11 at 3–4; Docket Entry No. 15-1 at 2–3). ICE subsequently released her on an order of supervision. (Docket Entry No. 15-1 at 2–3; Docket Entry No. 11 at 4).

On January 15, 2026, ICE revoked Sierra Rivera's order of supervision and took her into custody during a scheduled check-in at the Houston Field Office. (Docket Entry No. 11 at 4).

2

Sierra Rivera remains in detention.[1]  She asserts several claims for relief, including that her due process rights have been violated under the framework set out by the Supreme Court in *Zadvydas*.  Among other relief, she seeks release from custody.

The respondents move for summary judgment, contending that Sierra Rivera's detention is lawful under 8 U.S.C. § 1231 because Sierra Rivera does not show that removal is not likely in the reasonably foreseeable future.  (*See* Docket Entry No. 15).

## II.      The Applicable Legal Standards

### A.      28 U.S.C. § 2241

Section 2241(c)(1) of Title 28 of the United States Code "applies to persons held 'in custody under or by color of the authority of the United States.'"  *Munaf v. Geren*, 553 U.S. 674, 686 (2006) (citing § 2241(c)(1)).  "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him."  *Id.* (quoting *Wales v. Whitney,* 114 U.S. 564, 574 (1885) (1885); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained")).

Habeas corpus is available to a person challenging the legality of immigration-related detention.  *See Demore v. Kim*, 538 U.S. 510, 517 (2003).  Courts retain jurisdiction to review an alien's detention "insofar as that detention presents constitutional issues, such as those raised in a habeas petition."  *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (citation omitted).

### B.      Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to

---

[1] The location of a detainee in ICE custody may be found by searching for the detainee by the detainee's A-number and country of birth at ICE's Online Detainee Locator System website, available at https://locator.ice.gov/odls/#/search (last visited July 30, 2026).

judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citing *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  "Because this case arises in a summary judgment posture, [the court] view[s] the facts in the light most favorable to [the petitioner], the nonmoving party."  *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1769 (2015)).

### III.    Analysis

The detention of non-citizens who are under a final order of removal is governed by 8 U.S.C. §1231.  The statute provides that, in general, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"  8 U.S.C. § 1231(a)(1)(A).  During this 90-day removal period, "the Attorney General shall detain the alien."  8 U.S.C. § 1231(a)(2)(A)).  The Attorney General has discretion to extend detention beyond the 90-day removal period in some cases.  *See* 8 U.S.C. § 1231(a)(6).  However, because "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem[,]" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), the Supreme Court has "read an implicit limitation into the statute" that "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  *Id.* at 689.  In *Zadvydas*, the Supreme Court established a "6-month presumption" of reasonableness following the issuance of a removal order.  *Id.* at 701.  After the 6-month period of "presumptively

4

reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* Once a petitioner meets this burden, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.*

Sierra Rivera's order of removal became final in February 2000, and she has been held in immigration custody since January 15, 2026. Sierra Rivera has now been detained after a final order of removal longer than the six-month presumptively reasonable period established in *Zadvydas*. The court finds that Sierra Rivera has met her burden to show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Submitted with the motion for summary judgment is a sworn declaration from a DHS Deportation Officer, Phillip E. Wiseman, dated February 4, 2026. (Docket Entry No. 15-1). Officer Wiseman describes DHS's efforts to remove Sierra Rivera:

> On January 15, 2026, ICE encountered Sierra Rivera during a scheduled check-in at the Houston Field Office and took her into custody. As of this writing, Sierra Rivera remains in custody at the Montgomery Processing Center in Conroe, Texas.
>
> On January 29, 2026, ERO sent formal requests to the consulates of Costa Rica, El Salvador, Guatemala, and Honduras asking them to accept Sierra Rivera from the United States. The Honduran government responded that they decline to accept Sierra Rivera because Honduras only accepts Honduran citizens at this time. ERO is awaiting a response from the remaining foreign governments and will continue to pursue third country removal for Sierra Rivera.
>
> Based on my handling of Sierra Rivera's case to date, I can attest that there is a significant likelihood that ERO will remove Sierra Rivera from the United States in the reasonably foreseeable future.

(Docket Entry No. 15-1 at 3). On July 7, 2026, the court instructed the government to provide an update, in the form of a sworn declaration from a deportation officer, on what further efforts have transpired in obtaining Sierra Rivera's removal since February 2026. (Docket Entry No. 18). The

5

government has submitted a second sworn declaration from Officer Wiseman, dated July 14, 2026.

(Docket Entry No. 19).  Officer Wiseman describes DHS's further efforts to remove Sierra Rivera:

> On January 29, 2026, ERO sent formal requests to the consulates of Costa Rica, El Salvador, Guatemala, and Honduras asking them to accept Sierra Rivera from the United States.  The Honduran government declined to accept Sierra Rivera because Honduras only accepts Honduran citizens at this time.  ERO is awaiting a response from the remaining foreign governments and will continue to pursue third country removal for Sierra Rivera.
>
> On February 4, 2026, the Consulate of Costa Rica declined to accept Sierra Rivera into their country.
>
> On March 5, 2026, ERO has recognized that the countries of Guatemala and El Salvador have not responded to the formal request sent asking them to accept Sierra Rivera.  On same day, ERO reached out to ERO headquarters component requesting 3rd country removal assistance.
>
> On April 16 and 21, 2026, ERO emailed ERO headquarters component to review and issued a continued detention decision.
>
> On May 13, 2026, ERO recognized that the countries of Guatemala and El Salvador again have not responded to the formal request sent asking them to accept Sierra Rivera.  The same day, ERO resent formal requests to the consulates of El Salvador and Guatemala.

(*Id.*).  In short, the government has asked Costa Rica, El Salvador, Guatemala, and Honduras to accept Sierra Rivera from the United States.  Honduras and Costa Rice have rejected the request. El Salvador and Guatemala have not responded to the United States' request.  The respondents do not submit that they have requested removal to any other third countries nor have they provided a timeline as to when El Salvador and Guatemala may respond—if ever—to the government's request.  The respondents have not met their burden to show that Sierra Rivera is likely to be removed in the reasonably foreseeable future.  *See Morrad v. Warden of Prairieland Det. Ctr.*, No. 3:26-CV-0845-X-BK, 2026 WL 2087368, at *1 (N.D. Tex. July 20, 2026) (finding that the petitioner's removal is not significantly likely to occur in the reasonably foreseeable future and ordering the petitioner's release when the government "neither identified a third country willing

to accept [the petitioner], secured travel documents, nor provided any timeline for [the petitioner's] removal").

The court finds that Sierra Rivera's continued detention violates due process because she has been detained for more than six months and there is no significant likelihood of removal in the reasonably foreseeable future. Sierra Rivera is entitled to relief on the indefinite detention claims in her petition for a writ of habeas corpus. The court orders her release from detention.

IV.     **Conclusion**

The court **orders** as follows:

1.    The respondents' motion for summary judgment (Docket Entry No. 15) is **denied**.

2.    The amended petition for a writ of habeas corpus filed by Alejandra Sierra Rivera (Docket Entry No. 11) is **granted in part**.

3.    Any other pending motions are **denied as moot**.

4.    The respondents must release the petitioner, Alejandra Sierra Rivera, **within 48 hours of entry of this Order**. The petitioner's release is subject to 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. The petitioner must be released in a public place within the Southern District of Texas, and the respondents must notify the petitioner's counsel of the exact location and exact time of the petitioner's release **as soon as practicable and no less than three hours before her release**.

5.    The respondents must return to the petitioner, at the time of her release from custody, any and all identification documents taken from her at the time of or during her detention.

6.    The petitioner may not be re-detained without a showing that there has been a material change in circumstances, for example, a showing that the petitioner's documents are ready, that a third country has agreed to accept the petitioner, and that the petitioner has been provided notice of that third country and an opportunity to object to the third country removal.

7.    Within five (5) days of the date of this Order, the parties must **confer** and **file** a joint status update and indicate whether this case may be closed.

SIGNED on July 31, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge